UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KIERSTEN SMITH,**

    **Petitioner,**

                                                   **Civil Action 2:15-cv-891**
    **v.**                                             **Chief Judge Edmund A. Sargus, Jr.**
                                                   **Magistrate Judge Elizabeth P. Deavers**

**JUDGE PATRICK SHEERAN,** *et al.,*

    **Respondents.**

## REPORT AND RECOMMENDATION

    This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's June 16, 2016 directing Petitioner to file a status report. (ECF No. 3.)  For the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Petitioner's action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

    On March 12, 2015, Petitioner Kiersten Smith, then a prisoner in the Franklin County jail, filed an Emergency Petition for Habeas Corpus seeking, inter alia, an Order from this Court that her recognizance bond was effective.  (ECF No. 1.)  By Order dated March 13, 2015, the Court inadvertently directed the Ohio Attorney General instead of the Franklin County Prosecutor to show cause.  This mistake did not come to the Court's attention until more than a year later.  Given that Petitioner is represented and that neither she nor her attorney contacted the Court regarding the error over the course of the year, on June 16, 2016, the Court directed the Petitioner to file a written status report indicating whether she intended to pursue her Petition

within fourteen days. The Court specifically cautioned Petitioner that her failure to comply with the Order would result in dismissal of the Petition for failure to prosecute. Petitioner has failed to comply with the Court's Order.

## II.

The Federal Rules of Civil Procedure may be used in habeas corpus "to the extent that they are not inconsistent with any statutory provisions or these rules. . . ." Rule 12, Rules Governing Section 2254 Proceedings. The Court's inherent authority to dismiss a plaintiff's action or particular claims within an action with prejudice because of his failure to prosecute is expressly recognized in Federal Rule of Civil Procedure 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999). "Rule 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (citing *Link*, 370 U.S. 626 at 630).

To date, Petitioner has failed to respond to the Court's June 16, 2016 Order. In all, Petitioner has not contacted the Court at all in nearly sixteen months. The Order cautioned Petitioner that failure to comply would result in dismissal for want of prosecution of her Petition. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b)

is appropriate); *see also Steward v. City of Jackson*, 8 Fed.App'x 294, 296 (6th Cir. 2001).

It is therefore **RECOMMENDED** that the Court **DISMISS** Petitioner's claim in her Petition for Habeas Corpus against Respondents **WITH PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  July 7, 2016                              /s/ *Elizabeth A. Preston Deavers*
                   **ELIZABETH A. PRESTON DEAVERS**
                   **UNITED STATES MAGISTRATE JUDGE**